IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RODOLFO ORTEGA CASAS,

    Petitioner,

  v.

UNITED STATES,

    Respondent.

No. C 10-00866 SI

**ORDER GRANTING MOTION TO DISMISS**

Respondent's motion to dismiss the habeas petition filed by Rodolfo Ortega Casa is currently scheduled for hearing on Friday, July 15, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS respondent's motion.

**BACKGROUND**

Petitioner came to the United States as an undocumented immigrant in 1991. Compl. (Doc. 12) 2:5. In 1993, he pled guilty to a violation of California Health and Safety Code § 11351. *Id.* 2:5–6. Petitioner was ordered removed from the United States on February 25, 2003, and removed the next day. *See* Notice of Intent, Respondent's Mot. to Dismiss (Doc. 20), Ex. B. Petitioner filed a petition for a writ of habeas corpus in the Fresno County Superior Court to have his conviction vacated on the grounds of ineffective assistance of counsel, which the state court granted on August 24, 2005. *See* Order, Pet. Oppo. to Mot. to Dismiss (Doc. 23), Ex. A.

At some point, petitioner reentered the United States. *See* Notice of Intent. On March 5, 2009,

petitioner was arrested by Immigration and Customs Enforcement in Selma, California. *See* Record, Respondent's Mot. to Dismiss (Doc. 20), Ex. C. The Department of Homeland Security prepared a "Record of Deportable/Removable Alien," in which it noted that petitioner invoked his right to counsel, whereafter the government declined to prosecute him criminally and instead processed him for reinstatement of removal. *Id.* That same day the prior removal order was reinstated, *id.*, a warrant of removal was issued, *id.* at Ex. A, and petitioner was removed, *id.*

Petitioner instituted the current action on March 1, 2010, when he filed what he entitled a motion to reopen. *See* Doc. 1. Petitioner filed a petition for a writ of habeas corpus on March 31, 2011. *See* Doc. 12.[1]

**DISCUSSION**

Petitioner asserts in his petition that the Court has jurisdiction under 28 U.S.C. Section 2241. Respondent has moved to dismiss this habeas petition for lack of jurisdiction, arguing that petitioner is not "in custody" as required by Section 2241.

Although it is not clear from petitioner's papers whether he is currently in the United States, there is no indication that he is being detained or has been detained at any point since he initiated these proceedings in 2010. Nor has petitioner alleged the type of "extreme circumstances" that would confer habeas corpus jurisdiction "over an immigrant who had already been removed." *See Miranda v. Reno*, 238 F.3d 1156, 1159 (citing *Singh v. Waters*, 87 F.3d 346, 349 (9th Cir. 1996), where the INS deported the petition er in violation of a stay of deportation issued by the immigration judge, and withheld his file from his attorney). Therefore, he is not and was not "in custody," as that term is used in 28 U.S.C. § 2241. *See Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003); *Miranda*, 238 F.3d at 1158–59; *Singh*, 87 F.3d at 349; *Evers v. Napolitano*, No. C 09-03464 JSW, 2010 WL 5115410, * 2 (N.D. Cal. Dec. 9, 2010) (exercising jurisdiction over habeas petition that related back to a petition filed when petitioner was "physically confined by ICE"). The Court lacks jurisdiction over this habeas

---

[1] In his opposition brief, petitioner states that he filed a petition for habeas corpus on March 3, 2009. *See* Doc. 23 at 2:9–2:10. It is not clear what petitioner is referring to, as this case was opened in March 2010, and he does not present any evidence of a March 2009 habeas petition.

petition. *See also* Immigr. Law & Crimes §§ 4:3, 4:31 (2011) (discussing possible avenues for relief where a court has vacated a conviction upon which an order of removal was based); Rosenbloom et al., Post-Departure Motions and Reopen or Reconsider (Dec. 2010), *available at* www.bc.edu/postdeportation (same).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS respondent's motion to dismiss. (Doc. 21.)

**IT IS SO ORDERED.**

Dated: July 12, 2011

SUSAN ILLSTON
United States District Judge